UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT ASHLAND

CRIMINAL NO. 03-5-HRW

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.

CHRISTOPHER D. CREMEANS                                     DEFENDANT

REPORT AND RECOMMENDATION

On March 6, 2006 this matter came on for an evidentiary hearing on petition of the United States Probation Office that the defendant, CHRISTOPHER D. CREMEANS, show cause why his supervised release should not be revoked. The defendant was present in Court and represented by Denny Alerding and the United States was present through Assistant United States Attorney, Bob McBride. The proceedings were recorded by official court reporter Lisa Wiesman and conducted pursuant to 18 U.S.C. § 3401(I). Oral argument was presented by counsel and the defendant admitted in open court violating the terms of his supervised release as set out in the February 27, 2006 violation report of U.S.P.O. Brandan S. Hall.

After pleading guilty to Unauthorized Disposal of Postal Money Orders in violation of 18 U.S.C. § 500, the defendant was sentenced on May 17, 2004 to three months custody followed by a three year term of supervised release. A special condition of that supervised release directed the defendant to participate in a substance abuse treatment program and submit to periodic drug and alcohol testing at the discretion of the probation office. The defendant's supervised release began on July 13, 2004.

1

Probation form 12A was submitted to the Court on August 25, 2004 pertaining to a positive urine read from the defendant for Hydrocodone. On August 27, 2004 the Court concurred with the recommendation of the probation office to continue the defendant on supervision.

A violation letter was forwarded to the Court on November 12, 2004 advising that the defendant furnished two urine specimens positive for marijuana and his subsequent admission of use of the drug coupled with his failure to report an arrest within 72 hours. After appearing before the Court on November 23, 2004 the defendant was continued on supervised release and drug treatment with the additional condition that he obtain and maintain gainful employment.

On August 31, 2005 a second violation letter was furnished to the Court advising of the defendant's failure to notify his probation officer of a change of address and a failure to provide monthly reports. The defendant's supervision was revoked on September 13, 2005 and Cremeans was sentenced to four months incarceration with the further proviso that upon completion of the revocation term the defendant would resume his original supervised release period. The defendant was discharged from custody on January 6, 2006.

While conducting a residence verification on February 22, 2006 at the defendant's residence, Cremeans advised the probation officers that he had recently been prescribed twelve Percocet 5mg tablets by Dr. Merkle for two broken wrists sustained in a fall from a ladder earlier in February. Since he was unable to provide a urine specimen at that time, Cremeans was ordered to report to the probation office at 4:00 p.m. on the same day. However, he subsequently telephoned his probation officer indicating that he had no transportation for the office visit. When U.S.P.O. Hall returned to the defendant's residence in the late afternoon of that same day, the defendant appeared very nervous and again was unable to provide

a urine specimen. The defendant modified his prior statement regarding the purported disclosure of his substance abuse history to Dr. Merkle, now indicating that he had advised the doctor of his prior addiction to Hydrocodone only. The defendant also indicated that even though he had only consumed two servings of water and a bottle of soda, he felt ill and subsequently regurgitated in the presence of U.S.P.O. Hall. The defendant was instructed to seek medical attention and to report to the probation office the following day i.e. February 23, 2006 at 4:00 p.m. The defendant was also informed that his probation officer would request medical records from Dr. Merkle.

When Cremeans reported to the probation office on February 23, he admitted providing false information to his probation officer. The defendant initially stated that he had illegally procured Ultram tablets and offered the story regarding a Percocet prescription since he believed both of those substances contain Oxycodone. The defendant apparently believed that this information would justify a potential positive urine test for opiates; however, eventually Cremeans admitted that he purchased two Percocet 5mg tablets from George Phillips, his neighbor, for $10.00. He further admitted that he had not been in consultation with Dr. Merkle and that he was well aware of Mr. Phillips' drug trafficking and knew that Phillips had been recently arrested on various drug offenses. He finally admitted that he had attempted to flush his system following the home visit on February 22, 2006 by ingesting large amounts of water in an effort to mask the controlled substances. Cremeans now stands charged with and has admitted the following violations:

> **STANDARD CONDITION: The defendant shall not commit another federal, state, or local crime.**

The defendant has admitted to illegally obtaining Percocet through a local drug trafficker which is

a Class D felony by virtue of KRS 218.1415.

**STANDARD CONDITION #3: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**

Mr. Cremeans initially stated to his probation officer that he had been prescribed Percocet by a physician, though later related that these medications had actually been procured from a drug trafficker.

**STANDARD CONDITION #7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.**

Christopher Cremeans has admitted to purchasing, possessing, and using Percocet as procured from a non-physician.

**STANDARD CONDITION #9: The defendant shall not associate with any persons engaged in criminal activity and shall not associate with a person convicted of a felony, unless granted permission to do so by the probation officer.**

Mr. Cremeans obtained two Percocet tablets from an individual who has been arrested for felony drug offenses.

The parties announced an agreement as to the appropriate disposition for these violations, and the Court being satisfied from dialogue with the defendant that he has had ample time to consult with counsel, and enters into this agreement and admission voluntarily and willingly, accordingly;

**IT IS RECOMMENDED:**

1. That the defendant be found to have violated the terms of his supervised release as set out above;

2. That the defendant, CHRISTOPHER D. CREMEANS, be sentenced to the custody of the Attorney General for a period of **SIX (6) MONTHS** with no supervised release to follow, and that

the sentence be served at the federal correctional institute closest to the defendant's home.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55) (6th Cir. 1986). **If the defendant wishes to address the District Court prior to sentencing, the defendant must so notify the Court in writing within ten (10) days.** A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.

This 7th day of March, 2006.



Signed By:
J. Gregory Wehrman
United States Magistrate Judge

5